**FILED**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

JUL 1 1 2014

for the

District of Columbia

**Clerk, U.S. District & Bankruptcy Courts for the District of Columbia**

Timothy Dugdale )
)
*Petitioner* )
)
v. )
)
Customs and Border Protection )
Eric Holder Jr. )
)
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

Case: 1:14-cv-01175
Assigned To : Cooper, Christopher R.
Assign. Date : 7/11/2014
Description: Habeas Corpus/2255

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name:   Timothy Dugdale

   (b) Other names you have used:

2. Place of confinement:

   (a) Name of institution:.

   (b) Address:

   (c) Your identification number:

3. Are you currently being held on orders by:

   ☑ Federal authorities     ☐ State authorities     ☐ Other - explain:

   I am on parole authorized by Customs and Border Protection (see attachment)

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

      If you are currently serving a sentence, provide:

         (a) Name and location of court that sentenced you:

         (b) Docket number of criminal case:

         (c) Date of sentencing:

   ☐ Being held on an immigration charge

   ☑ Other *(explain)*:   I was removed from the US via an expedited removal. This petition is a direct challenge to 8 USC 1252 (e)(3). I believe that I have standing for such a challenge and this court has jurisdiction to hear such a challenge.

1

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.      What are you challenging in this petition:

❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❏ Pretrial detention

☑ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other (explain):      See attachment

6.      Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:     Customs and Border Protection

(b)  Docket number, case number, or opinion number:

(c)  Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

1. My removal notice lacks the required signature of a supervisor. I was removed from the US via an expedited removal per INA 212(a)(6)(c)(i). This carries a lifetime ban to admission to the United States. I believe I am a US citizen but the process did not allow me to mount a proper refutation of alienage.

(d)  Date of the decision or action:   01/10/2012

## Your Earlier Challenges of the Decision or Action

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes              ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   CBP

(2)  Date of filing:   01/12/2012

(3)  Docket number, case number, or opinion number:    Review of the removal

(4)  Result:   Denied

(5)  Date of result:   01/12/2012

(6)  Issues raised:   I stated that I had an Ontario business license, a US tax ID and a Michigan LLC and that I was legally allowed to freelance under the Canada US tax treaty. I also presented an approved i-130 via my US citizen mother. My review was denied but I was granted a three day parole from Feb 6-9, 2012 into the United States.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑Yes          ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   CBP/ARO

(2) Date of filing:   03/01/2012

(3) Docket number, case number, or opinion number:   i-192/I-212 waiver applications

(4) Result:   Denied

(5) Date of result:   02/19/2013

(6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑Yes          ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   BiA

(2) Date of filing:   03/09/2013

(3) Docket number, case number, or opinion number:

(4) Result:   Denied appeal of waiver applications

(5) Date of result:   09/06/2013

(6) Issues raised:   US citizenship, unlawful removal, ARO's use of criteria outside of Matter of Hranka.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b)  If you answered "No," explain why you did not file a third appeal:

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1)  Name of court:

(2)  Case number:

(3)  Date of filing

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑Yes                    ☐No

If "Yes," provide:

(a)     Date you were taken into immigration custody:  01/10/2012

(b)     Date of the removal or reinstatement order:  01/10/2012

(c)     Did you file an appeal with the Board of Immigration Appeals?

☑Yes                    ☐No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:   See above.

(d)     Did you appeal the decision to the United States Court of Appeals?

☑Yes                    ☐No

If "Yes," provide:

(1) Name of court:  Sixth Circuit

(2) Date of filing:  03/30/2013

(3) Case number:  13-3543

(4) Result:   Denied

(5) Date of result:   08/08/2013

(6) Issues raised:   1. Equitable tolling - I was diligently pursuing other avenues of relief. I cited Breyer's dissent in Stone v. INS (1995)

2. Unsigned removal notice and subsequent unlawful detention under USC 2241

3. Due process violation under 1252 (e)(2)(B)

4. US citizen or national status under 1252 (e)(2)(A)

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes               ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   see attached document

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.   Attach additional pages if you have more than four grounds.   State the facts supporting each ground.

**GROUND ONE:**   The Second Circuit in their ruling, Shunaula v. Holder (2013), either through error or intention, imply that challenges to the expedited removal system under 1225(b) can be filed in this court OUTSIDE of the 60 day time limit that Justice Sullivan cited as being jurisdictional in his original ruling of AILA v. Reno. I have to assume that the Second's rulling is now the law of the land.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☑ No

**GROUND TWO:** I am a United States citizen and can't be removed. The expedited removal system denies an individual the ability to mount a credible refutation of alienage during the process. There are no checks to make sure the agency has done a proper vetting of alien's and his parent's A-files.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND THREE:** My notice of removal lacks a supervisor's signature. Under the expedited removal system, one is unable to challenge this egregious lack of oversight. Justice Sullivan in his original ruling put special emphasis on the need for agency due diligence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**    At the time of my removal, I was in possession of two approved I-130s through my US citizen mother - one from 1990 and the other from 2011. The 1990 petition was not perfected thus preserving its priority date. I should have been able to adjust status before removal.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☑ Yes          ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    I am a pro se filer. My legal knowledge is very limited. I am learning on the fly. The court should know that I am the involved father of two US citizen minor sons. I did not expect to be deported and separated from my boys. Their mothers live and work in the United States.

## Request for Relief

15.  State exactly what you want the court to do:

1. Declare the expedited removal system unconstitutional.

2. Declare me, by interpreting the law of INA 301 (a)(7) of 1952, a US citizen.

3. Void my removal.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _____

                                        _____
                                        Signature of Petitioner

                                        _____
                                        *Signature of Attorney or other authorized person, if any*

## HABEAS PETITION,  STAY OF REMOVAL & DECLARATIVE JUDGEMENT
### DC District Court
### Timothy Dugdale, pro se

My petition has three key components. First, I am making a challenge to the expedited removal *system* per 1252 (e)(3). Secondly, this petition addresses habeas at its historic core purpose: to test executive detention without trial. Third, I ask for a declarative judgement per 8 USC 1503(a)(2) that I am a United States citizen. Pending that determination, my removal should be stayed.

This petition is in direct response to a case that began its journey in Eastern Michigan district court on May 1, 2013 when I filed a habeas petition and stay of removal, challenging my removal per USC 2241 and 1252(e)(2)(A) and (B). Previously I had directly engaged the CBP for review of my expedited removal the day after my removal and I had submitted waiver applications to the CBP/ARO, applications that took over a year to adjudicate. I did not let my sword sleep in my hand and equitable tolling should apply. On June 27, 2013, the district court declined to hear the case without prejudice. I timely filed a petition for review in the Sixth - #13-1976. On January 30, 2014, the Attorney General filed a Motion to Remand asking the Sixth Circuit court to vacate the district court's decision and hold an evidentiary hearing to determine if I am indeed a US citizen.

On April 7, 2014, the Sixth Circuit entered an order affirming this court's ruling based on a jurisdictional defect in the original filing and refused to hear it *en banc* on June 30. The district court did not rule on merits nor did the Sixth. This petition is, in part, an attempt to cure that jurisdictional defect.

### BACKGROUND

I, the petitioner, am the son of Edward Dugdale, a British citizen and Sarah Lee Newman Dugdale, a US citizen who lived continuously in the United States from 1924 to 1957. They were married April 8, 1960 in Maracaibo, Venezuela and were still married when I was born on October 22, 1964 and adopted November 25, 1964 from a private hospital in London, England. We resided in England from 1964 until 1968 when we moved to Sarnia, Ontario, Canada. Under British law, I am considered their natural-born son. I also am the father of an eight year old US citizen son of whom I have joint legal custody and to whom I pay child support as mandated by the State of Michigan. In addition, my current wife, an LPR who works in Reston, Virginia, has just given birth to our child on June 27, 2014. He is a natural-born US citizen too.

On January 10, 2012, I was returning to the home I have owned in Redford, Michigan since May 2001 after a day trip to visit my US citizen mother in London, Ontario. (See the *Fleuti* doctrine). I was removed via an expedited removal for lying to CBP agents about freelance copywriting and graphic design work I was doing for American clients while in America. I wasn't just consulting with US clients and then

-1-

doing the work at my Canadian residence/office. Concurrently I was working as a lecturer in the Department of English at the University of Detroit Mercy on a TN visa that had been renewed since 2000. I was never out of status as a TN and I believe was legally poised to adjust status to permanent residency.[1]

At the time of my removal, I had been a US tax citizen for over a decade, claiming all my income from teaching and the alleged illegal moonlighting. I possessed an EIN and a Michigan LLC. When I bought my home in Michigan, I notified the Canadian government and they advised me that I would not be eligible for any citizen benefits until I repatriated. I also was in the possession of two approved I-130, both through my US citizen mother. The first one, from 1990, had an immediate visa available and I had a successful consular interview at the US Consulate in Toronto in June of that year. I did not perfect this visa, however, and when I went to reopen the case in 1992, the INS had deemed it abandoned. thus preserving the original priority date. The second I-130 is currently ripening at the US Consulate in Montreal. I have asked the USCIS to rule on the availability of an immediate visa based upon the 1990 I-130.

## ARUGUMENT

Expedited removals under INA 235 are summary quasi-judicial proceedings that severely limit the agency of an individual to mount an instant defense against them, particularly to make a claim of derivative US citizenship. There is no Notice to Appear. The whole thing is sprung on you *a la minute*. You have no counsel and no access to exculpatory evidence. You have no real proof of oversight, especially if the removal notice lacks the required signature of a supervisor. To add insult to injury, proper habeas relief is almost impossible because physical custody is so short yet so absolute. The expedited removal statute is written to severely restrict habeas relief to only three prongs of inquiry under 1252(e)(2) and Congress further ratcheted the vice in the REAL ID Act of 2005. limiting access to the courts and USC 2241.

### 1. The expedited removal system is unconstitutional.

In *Shunaula v. Holder* (2013), the judges of the Second Circuit appear to have pointedly left out the third prong of 1252 (e)(3), the one that Judge Sullivan in his original opinion cited as jurisdictional and time-limited. They further suggest that if the petitioner was really interested challenging the expedited removal system. he needed to do so in DC District Court with proper arguments against the system as it is written.

I contend that the expedited removal system is unconstitutional for the following reasons:

---

[1]See *El Badrawi v. DHS I &II* (D. Conn. 2008) for the absurdity of the jurisdictional bar to inquiry of the AG's selective removal initiatives.

1) It violates the Suspension Clause because the statute was written to maximize alienage in its procedural "narrative" and to unduly limit the ability of a detainee to refute alienage through the proper gathering and presentation of evidence or collaborating testimony. There is no proper test written into the statute of whether a different proceeding might deliver a different outcome? And when exactly does an alien accrue enough "meaningful connections" to the US to merit a removal hearing per INA 240?

2) There is no mandate to allow for consultation with a consular official of the alien's country of citizenship or birth. People have been removed to their deaths under this statute.

3) There is no safety valve for challenging a removal that doesn't meet the procedural standards as written into the statute. See 1252 (e)(2)(B) and 1252 (g).

4) Full habeas review is not properly mandated even though the penalty for fraud or misrepresentation. one of the key combative rationales for this statute, is a lifetime ban from the United States. After a five year bar expires, the lifetime ban remains. It is a serious collateral consequence that involves detention by a custodial agency. See *Li II* from the Ninth Circuit (2006).

## 2. I was removed illegally and continue to suffer illegal detention.

In *Smith v. CBP* (2014), the Ninth Circuit recognized, at long last, a petitioner can challenge an expedited removal under USC 1252(e)(2)(B). This provision merits special attention. There has not been one successful challenge to this prong in any federal court case from the inception of expedited removals in 1997 to date. It is a pernicious piece of work because it forecloses any investigation into the decision to launch an expedited removal, how the removal was conducted and the attendant detention. In *Khan v. Holder*, the Seventh Circuit laid bare the dodgy legal jujitsu available to the CBP under this provision.

> The entire process-from the initial decision to convert the person's status to removal-can happen without any check on whether the person understood the proceedings, had an interpreter, or enjoyed any other safeguards. To say that this procedure is fraught with risk of arbitrary, mistaken, or discriminatory behavior (suppose a particular CBP officer decides that enough visitors from Africa have already entered the United States) is not, however, to say that courts are free to disregard jurisdictional limitations.

When contesting an expedited removal, it almost impossible to gain relief from an infirm notice of removal or illegal detention. In contrast, see *Singh v. Waters* (Ninth Circuit, 1996). Under the control of Singh, habeas relief per USC 2241 should be readily available when claiming that an illegal removal creates an on-going controversy. In *Reno v. AADC,* this court was divided over the issue of 1252(g) which bars investigation the AG's decision to commence and execute removal proceedings. The court warned, however. that 1252(g) should be narrowly construed. Its interplay with 1252(e)(2)(B), 1252(e)(5) and USC 2241 is hitherto unexplored, save for *Sissoko v. Rocha* (Ninth Circuit, 2006).

There's more. *Arguendo,* as Justice Marshall did in *Landon v. Plasencia,* a resident alien with a long history of lawful admission to the United States should be entitled to a proceeding that is more involved than a summary exclusion, especially an exclusion proceeding in which the objective is a) to maximize your alienage and b) to impose a permanent ban on said alien. In *AILA v. Reno* (DC District Court, 1999), Judge Sullivan recognized that due process rights accrue to those with "substantial connections" to the United States. The individual petitioners in that case failed to meet that threshold.

Without judicial review, I will continue to be in the custody of the CBP, an unlawful custody at that. See *Zadvydas v. Davis.* 533 U.S. 678 (2001). I face a permanent bar from the United States, a bar that arises from a *civil* proceeding. That bar prevents me from claiming legitimate immigration benefits or disproving alienage. See *Mann v. Holder et al* (Eastern District, California, 2013).

> The permanent ban of § 1182(a)(6)(C)(i) does not have a finite and determinable end. Even after the 10-year ban passes, Mann is still be permanently inadmissible to enter the United States due to operation of § 1182(a)(6)(C)(i). In the absence of contrary authority, the Court agrees with the observations of *Perez.* Despite § 1182(a)(9)(A)(ii)'s 10-year ban, the permanent ban of § 1182(a)(6)(C)(i) represents a concrete collateral consequence that is not too attenuated and speculative.

The best time to file a writ of habeas and an attendant stay of removal is while you're still in full physical custody. Yet it would have been <u>impossible</u> for me to file an instant habeas corpus petition between the time Officer Morin released me and I was escorted to my car and directed back over the Ambassador Bridge.

You are denied counsel in an expedited removal so you have no idea that a habeas petition is even a possibility. I had previously asked to see an immigration judge. Denied. I asked for an official from the Canadian consulate in Detroit, someone who knew my business and had daily dealings with the CBP Port Director. Denied. No NAFTA officer was on duty. I told the officers that I had an approved I-130 from 1990 and one from 2011 – same petitioner, same beneficiary, same classification. I should have been able to adjust my status on the spot if they had done a proper dig into my A-file and my mother's per USC 245.2. See *Succar v. Ashcroft* (First Circuit, 2005). See also *Dent v. Holder* (Ninth Circuit, 2005). I was a *de facto* permanent resident in waiting *at the very least,* a status that clearly mitigates against removal. See 1252 (e)(2)(C). I was not going to make a citizenship claim without ready evidence or access to our A-files, a situation which could have resulted in a charge under (6)(C)(ii) if the officer didn't fancy my assertion after seven hours of verbal jousting. Then you're hustled out of the country, thus denying you all the avenues of relief available if you were still on US soil. I suggest to the court that the CBP supervisor knew this and was anxious to remove me under INA 235 rather than INA 240. He wanted to get me back to Canada and thus deny me access to the USCIS, the US courts and their case law. Again, strict scrutiny should prevail. Please note that the State Department (and its consulates) grants or revokes passports but historically "it has not had to the power to determine citizenship." See *US v. Moreno* (Third Circuit,

-4-

2013). The CBP use their own naturalization charts that are not informed by circuit decisions.

The bottom line is you can't file a habeas petition when you are prohibited from filing it. A CBP station is a closed facility over which the agency has total control. No-one knows where you are or can know. It is, once an expedited removal is under way, a black site.

Yet habeas endures. I offer this gem from *Boumediene v. Bush.*

> ... we conclude that at least three factors are relevant in determining the reach of the Suspension Clause: (1) the citizenship and status of the detainee and the adequacy of the process through which that status determination was made; (2) the nature of the sites where apprehension and then detention took place; and (3) the practical obstacles inherent in resolving the prisoner's entitlement to the writ.

When you're unable to challenge your unlawful detention or get a hearing for your citizenship claim because you were unable to file a habeas petition in the heat of that unlawful removal, that's absurd.

Once the I-860 was in my hand, however, I had the official bona fide document, defective as it was. I am in possession of the original document that counts – the unsigned Notice of Removal (Exhibit A). See 1252(e)(2)(B) and 1252(e)(5). It doesn't cut it if the supervisor signed the CBP copy *after* my departure from the facility. I ask Your Honour to seriously take that into consideration when pondering this request.

To repeat, I am still "in custody" of the CBP, per 28 U.S.C. § 2241. I have property (a home with a mortgage; bank accounts; a business with copyrighted materials and inventory) and liberty interests in the United States. Because I am in the permanent custody of the CBP and Holder, I am prevented from claiming and enjoying legitimate immigration benefits in the United States. Even if I'm no longer in their physical custody and out of the country, I'm still under their thumb as evidenced by my paroles in February and December 2012 (as well as the one I am currently enjoying, valid until July 26, 2014). If I had over-stayed those paroles, the CBP would have sought me out and put me into physical custody and perhaps charged me with illegal entry, a criminal offense. When I want a parole, I fax the Detroit Tunnel CBP or the Detroit Port Director. If I want a waiver, I am guided as a "Canadian" towards the I-192/I-212 scheme managed by the CBP/ARO. Once granted, the waiver still can be revoked, *effectively re-instating the removal order and its permanent ban.* The CBP is my immediate custodian, although the court might also consider the AG as an uber-custodian. See *Roman v. Ashcroft* (Sixth Circuit, 2003) as well as *Leitao v. Reno* (First Circuit, 2002). A permanent bar to admission equals permanent custody.

### 3. A United States citizen cannot be removed from the United States.

If I am a US citizen, I was not working illegally in the United States. Furthermore, the deportation of a US citizen is a nullity because the agency, in this case the CBP, has no constitutional authority to remove a citizen or a national. From *Anderson v. Holder* (Ninth Circuit, 2012):

> As we have stated, the plain language of § 1252(b)(5) not only permits but *requires* us to evaluate a claim to United States nationality upon a petition for review, even where our jurisdiction would otherwise be limited. See *Hughes v. Ashcroft, 255 F.3d 752, 755 (9th Cir.2001).* An order of removal issued against a U.S. citizen is always *ultra vires* and void, because the agency has no jurisdiction to order citizens removed: "Jurisdiction in the executive to order deportation exists only if the person arrested is an alien." *Ng Fung Ho, 259 U.S. at 284, 42 S.Ct. 492.*

Neither this court nor the circuit court have made a judicial determination of my citizenship claim as a legitimate challenge to removal under 1252 (e)(2)(A). It's no accident that the attorney general asked the Sixth to remand this case to district court for an appropriate declarative hearing on my citizenship claim.

The Supreme Court in a number of rulings spanning two centuries has stated that there are only two tracks to US citizenship - naturalization after birth and citizenship at birth. That said, it is a long-standing practice in US immigration to defer to the foreign family law of the country in which the child and his parents reside at the time of his birth and legitimation. This practice implies that Congress thoughtfully and willfully cedes its rational basis of the pertinent part of the INA statute to that of the foreign country. In this way, Section 322 of the 1952 INA is not rendered superfluous by the invocation of Section 301(a)(7) but rather merely silent.

Per FRCP 44.1, I offer the following authority from the United Kingdom that meshes very well with Section 301(a)(7) of the INA (1952).
**Adoption Act 1976, Part IV, Section 39 (http://www.legislation.gov.uk/ukpga/1976/36/section/39).
(This act is the controlling one as the Adoption Act of 1958 was completely repealed.)**

> 39. Status conferred by adoption.
> (1) An adopted child shall be treated in law—
> **(a) where the adopters are a married couple, as if he had been born as a child of the marriage (whether or not he was in fact born after the marriage was solemnized);**

I believe I am a US citizen. Though the Ninth Circuit has staked a claim to expanding the reach of INA 301(a)(7) of the 1952 INA, no circuit court to date has ruled as to whether a petitioner can qualify for derivative citizenship under 301(a)(7) if he was adopted by a US citizen (who meets the residency prerequisites) and her alien husband (to whom she was married at the time of the child's birth) and considered their natural-born child, born in wedlock, based upon the foreign law that governed their domicile at the time of the child's birth and legitimation. See USC § 1101(c)(1).

Severance of 322 and 301 should be valid, especially considering how the Ninth

Circuit has ruled over the past decade and a half eschewing the necessity of a blood relationship between a child and his US citizen parent. Crucial emphasis on legitimation and family law of domicile appear in their seminal duo, *Scales* v. *INS* (2000) and *Solis-Espinoza v. Gonzales* (2005). The Ninth pushed the envelope even further in *Gonzalez-Martinez v. Holder* (2014), a case in which the man who legitimated the petitioner under Mexican state law was *neither his biological nor adoptive father*.

Section 309 requires a blood relationship *and* legitimation because the birth is "out of wedlock". The congressional intent of 309 and 322 are strikingly similar - to encourage the US parent-child bond and thus, a strong relationship to the United States (see discussion of mother vs father "sex" discrimination in the dissent of *Nguyen v. INS* - 2001, citing *Miller v. Albright*).

The Fifth, in *Marquez-Marquez v. Gonzales* (2006), addressed possible interplay between Sections 301 and 322 but rejected it because the petitioner didn't fashion a conceivable argument with supporting controls. In addition, the Fifth rejected the petitioner's attempt to use the family domicile law caveat to her advantage because she was born "out of wedlock" and the New Mexico statute she cited was a state statute, superseded by federal law. The Ninth in *Anderson v. Holder* (2012) deferred, however, to an Arizona statute concerning legitimacy that in effect allowed the petitioner to jump the rail from 309 to 301.

## CONCLUSION

For the forgoing reasons, I submit that this Court should grant a stay of removal and a writ of habeas corpus. I believe I am a United States citizen who was illegally removed and my banishment is being enforced by an illegal detention. Furthermore, I believe the expedited removal system as written violates the US Constitution.

Respectfully submitted,


Timothy Dugdale, Ph.D.
Founder
Atomic Quill Media
3891 Dougall Avenue,
Windsor, Ontario N9G 1X3
c 313.320.3920 :: f 519.972.5659
dugdale@atomicquill.com
http://dugdale.atomicquill.com

July 11, 2014

-7-

U.S. Department of Homeland Security

**Notice and Order of Expedited Removal**

## DETERMINATION OF INADMISSIBILITY

Event Number :DCB1201000045

File No: A099 051 066

Date: January 10, 2012

In the Matter of: TIMOTHY E. DUGDALE

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) ☒ (6)(C)(i); ☐ (6)(C)(ii); ☐ (7)(A)(i)(I); ☐ (7)(A)(i)(II); ☐ (7)(B)(i)(I); and/or ☐ (7)(B)(i)(II) of the Act, as amended, and therefore are subject to removal, in that:

1) You are not a citizen or national of the United States;

You are a native of Great Britain and a citizen of Canada;

On January 10, 2012, you applied for admission to the United States as a TN presenting valid TN I94 # 15124991920 which was issued on your behalf for the position of a professor at the University of Detroit Mercy;

On or about December 07, 2011 and January 10, 2012, you sought to procure (or you procured) a visa, other documentation, or admission into the United States or other benefit provided under the Immigration and Nationality Act, by fraud or by ...(CONTINUED ON I-831)

JOSEPH S. MORIN
CBPO
_____
Name and title of immigration officer (Print)

_____
Signature of immigration officer

## ORDER OF REMOVAL
## UNDER SECTION 235(b)(1) OF THE ACT

Based upon the determination set forth above and evidence presented during inspection or examination pursuant to section 235 of the Act, and by the authority contained in section 235(b)(1) of the Act, you are found to be inadmissible as charged and ordered removed from the United States.

JOSEPH S. MORIN
CBPO
_____
Name and title of immigration officer (Print)

_____
Signature of immigration officer

_____
Name and title of supervisor (Print)

_____
Signature of supervisor, if available

☐ Check here if supervisory concurrence was obtained by telephone or other means (no supervisor on duty).

| CERTIFICATE OF SERVICE |
|---|
| I personally served the original of this notice upon the above-named person on January 10, 2012 |
| (Date) |
| _____ |
| Signature of immigration officer |

Form I-860 (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form __I-860__

| Alien's Name<br>TIMOTHY E. DUGDALE | File Number<br>A099 051 066<br>Event No: DCB1201000045 | Date<br>January 10, 2012 |
|---|---|---|

willfully misrepresenting a material fact, to wit: You knowingly misrepresented to multiple CBP Officers that you did not operate a business in the United States when in fact you were operating a company in the United States since 2008 and receiving payment from companies for services rendered.  You made this misrepresentation in order to obtain admission to the United States contrary to law.            .

ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
================================================================================

Section 212(a)(6)(C)(i) of the Immigration and Nationality Act (Act), as amended, in that you are an alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act.

| Signature<br>JOSEPH S. MORIN | Title<br>CBPO |
|---|---|

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

Departure Number

*Do NOT Lift before 9/26/14*

313998933 30

Department of
Homeland Security

CBP I-94 A (11/04)
Departure Record

U.S. DEPARTMENT OF HOMELAND SECURITY
**PAROLED**
Until 26 Jun 2014
Purpose: DT

36052

6 27 14 DET 2249

(Date)   (Location)   (Officer)

U.S. DEPARTMENT OF HOMELAND SECURITY

Family Name
**DUGDALE**

First (Given) Name
**TIMOTHY   EDWARD**

Birth Date (Day Mo Yr)
22 , 10 , 64

Country of Citizenship
**CANADA**

20140627  US-VISIT  20140627  ~~SINGLE USE~~

See Other Side                    **STAPLE HERE**

**Warning**  A nonimmigrant who accepts unauthorized employment is subject to
deportation
**Important**  Retain this permit in your possession; *you must surrender it when you
leave the U.S.* Failure to do so may delay your entry into the U.S. in the future.
You are authorized to stay in the U.S. only until the date written on this form. To
remain past this date, without permission from Department of Homeland Security
authorities, is a violation of the law.
**Surrender this permit when you leave the U.S.:**
  - By sea or air, to the transportation line;
  - Across the Canadian border, to a Canadian Official;
  - Across the Mexican border, to a U.S. Official.
Students planning to reenter the U.S. within 30 days to return to the same school, see
"Arrival-Departure" on page 2 of Form I-20 **prior to surrendering this permit.**

### Record of Changes

A099051066

**Port:**                     DO NOT USE    Departure Record

**Date:**                     Before Jul 26, 2014

**Carrier:**

**Flight # / Ship Name:**