**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 13-1976

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY DUGDALE, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Apr 07, 2014 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| CUSTOMS AND BORDER PATROL; | ) | STATES DISTRICT COURT FOR |
| DEPARTMENT OF HOMELAND SECURITY, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Respondents-Appellees. | ) | |
| | ) | |

O R D E R

Before: MOORE and GILMAN, Circuit Judges; GRAHAM, District Judge.[*]

Timothy Dugdale, a resident of Canada proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In May 2013, Dugdale filed a § 2241 petition seeking to challenge a removal order entered by the United States Department of Homeland Security. He alleged that the removal order was not final because it lacked the signature of an attending supervisor. The district court *sua sponte* dismissed Dugdale's § 2241 petition without prejudice, finding that: (1) Dugdale was

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Case 1:14-cv-01175-CRC Document 24-2 Filed 09/29/14 Page 2 of 3 (3 of 4)
Case: 13-1976 Document: 26-2 Filed: 04/07/2014 Page: 2

No. 13-1976
- 2 -

already challenging the removal order in a separate pending appeal; (2) his petition appeared to be untimely; and (3) it likely lacked jurisdiction to consider a challenge to the removal order under § 2241.

On appeal, Dugdale argues that the removal order was deficient because it was not signed; he qualifies as a United States citizen or, alternatively, a United States national; and he should have been given an opportunity to adjust his status to that of a lawful permanent resident prior to being removed. The government has filed a motion to vacate the district court's order and remand on the sole issue of whether Dugdale can establish that he is a United States citizen.

We review de novo a district court's order dismissing a § 2241 petition. *See Edwards v. Dewalt*, 681 F.3d 780, 784 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 1579 (2013). A district court lacks jurisdiction over a § 2241 habeas petition if the petitioner is not "in custody" when he files the petition. 28 U.S.C. § 2241(c); *see Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990); *cf. Almuhtaseb v. Gonzales*, 453 F.3d 743, 746 (6th Cir. 2006) ("[F]ederal courts have jurisdiction over habeas petitions brought by aliens *in custody* pursuant to a deportation order." (emphasis added)); *Roman v. Ashcroft*, 340 F.3d 314, 327 (6th Cir. 2003) (noting that other circuits have held that "a petitioner meets the jurisdictional custody requirement of § 2241 even after he has been removed *so long as he was in custody when the habeas petition was filed* . . . ." (emphasis added and internal quotation marks omitted)). Here, Dugdale had already been removed to Canada and, therefore, was not "in custody," when he filed his petition.

Despite the fact that Dugdale sought relief under § 2241 and was not in custody when he filed his § 2241 petition, the government contends that the district court's order should be vacated and the case should be remanded. The government argues that Dugdale's habeas petition was properly filed under 8 U.S.C. § 1252(e)(2)(A), which provides, in relevant part, that "[j]udicial review of any determination made under section 1225(b)(1) of this title [pertaining to inspection of aliens arriving in the United States] is available in habeas corpus proceedings, but shall be limited to determinations of . . . whether the petitioner is an alien . . . ." 8 U.S.C. § 1252(e)(2)(A).

Even assuming that a claim of U.S. citizenship could be adjudicated in a habeas petition regardless of whether the petitioner met § 2241's "in custody" requirement, *see Smith v. United States Customs & Border Prot.*, 741 F.3d 1016, 1020 (9th Cir. 2014), the sole argument that Dugdale raised in his § 2241 petition was that his removal order was not final because it was not signed by an attending supervisor. Accordingly, because Dugdale was not in custody and, in any event, did not raise a claim authorized under § 1252(e)(2), the district court lacked jurisdiction over his habeas petition. Remand is not appropriate even in light of the government's motion because jurisdictional defects cannot be waived. *See Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 357 (6th Cir. 2010).

For the foregoing reasons, the government's motion to remand is denied and the district court's judgment is affirmed. Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk