## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY DUGDALE,**<br><br>Petitioner,<br><br>v.<br><br>**U.S. CUSTOMS AND BORDER PROTECTION et al.,**<br><br>Respondents. | Case No. 14-cv-01175 (CRC) |

## **OPINION AND ORDER**

*Pro se* habeas petitioner Timothy Dugdale moves for reconsideration of the Court's memorandum opinion of March 31, 2015 (ECF 55), and a stay of his removal from the United States pending his anticipated appeal of that opinion. In the opinion, the Court granted the government's motion to dismiss three of the four claims presented in Dugdale's habeas petition, which challenged his January 2012 expedited removal from the country by order of Customs and Border Protection ("CBP"). The Court ruled that Dugdale had not alleged sufficient facts to support his claims that he was an American citizen or was entitled to lawful permanent resident status at the time of his removal. The Court also determined that it lacked subject matter jurisdiction over Dugdale's claim that the expedited removal system is unconstitutional. The Court reserved judgment on a fourth claim in Dugdale's petition—that his removal order was procedurally defective—and requested supplemental briefing on that issue.

Nine days after the Court issued its opinion, the government vacated Dugdale's expedited removal order and granted him discretionary parole to enter the United States on a temporary basis. In light of these actions, the government suggests that the procedural validity of the order is no longer in controversy and, therefore, the sole remaining claim before the Court should be dismissed as moot. Dugdale counters that the claim is not moot because he is still subject to the

whims of CPB's discretion to grant discretionary parole each time he attempts to cross the border.

The Court agrees with the government that Dugdale's final remaining claim was rendered moot by CBP's vacatur of the removal order that was the subject of his habeas petition.  With the order no longer in force, Dugdale is returned to the legal position he was in when he was removed at the border in January 2012.  The Court lacks the power, moreover, to order Dugdale to be paroled into the country as such decisions are committed to the exclusive discretion of the Attorney General.  See 8 U.S.C. §§ 1182(d)(3)(A), 1252(a)(2)(B)(ii).  The Court will therefore grant final judgment in favor of CBP and deny Dugdale's motion for a stay of the now-vacated removal order.

One last point bears mentioning concerning Dugdale's motion for reconsideration.  Less than two weeks after the Court's opinion, the Supreme Court held that the time limits for bringing claims under the Federal Tort Claims Act were not jurisdictional because the statute "provided no clear statement indicating that [28 U.S.C. § 2401(b)] is the rare statute of limitations that can deprive a court of jurisdiction." United States v. Wong, 2015 WL 1808750, at *5 (U.S. Apr. 22, 2015).  In light of Wong, Dugdale urges the Court to revisit its holding that 8 U.S.C. § 1252(e)(3)(B)'s 60-day limitations period strips the courts of jurisdiction over his challenge to the constitutionality of the expedited removal statute.  The Court declines to do so. In American Immigration Lawyers Association v. Reno, 199 F.3d 1352, 1354 (D.C. Cir. 2000) ("AILA"), the D.C. Circuit affirmed the District Court's determination that Section 1252(e)(3)(B)'s "60-day requirement is jurisdictional rather than a traditional limitations period." Am. Immigration Lawyers Ass'n v. Reno, 18 F. Supp. 2d 38, 47 (D.D.C. 1998).  Because the Supreme Court's holding in Wong is limited to the Federal Tort Claims Act, AILA remains binding precedent in this Circuit.  The D.C. Circuit must therefore determine in the first instance

what if any effect <u>Wong</u> has on the continuing validity of its holding in <u>AILA</u>. Dugdale's motion for reconsideration will be denied.

For the foregoing reasons, it is hereby

**ORDERED** that Respondents' Motion to Dismiss [24] is **GRANTED IN FULL**.

It is **FURTHER ORDERED** that Petitioner's Motion for Reconsideration [57] is **DENIED**.

It is **FURTHER ORDERED** that Petitioner's Motion for a Stay [61] is **DENIED**.

It is **FURTHER ORDERED** that Petitioner's Emergency Motion to Take Judicial Notice [66] is **DENIED AS MOOT**.

It is **FURTHER ORDERED** that Petitioner's Motion to Take Judicial Notice [68] is **DENIED AS MOOT**.

This is a final, appealable order.

    **SO ORDERED**

Date: <u>     May 6, 2015     </u>

    CHRISTOPHER R. COOPER
    United States District Judge